Nash, C. J.
 

 The hill is filed hy the plaintiffs, to obtain a decree to sell a tract of land, held in trust for the sole and separate use of a married woman and her children, to discharge a debt due from them — a debt of their own contracting. The application is a singular one, and certainly one of first impression. It appears that the defendant James H. Sasser, is a pastor of a baptist church, of which the complain
 
 *351
 
 ants are members. “ Being in reduced circumstances, with a large family and without a permament home, the plaintiffs, with others of the church-members, agreed to purchase for his family a tract of land, for which they were to give the sum of $525; two hundred dollars of this sum were raised by subscription, and paid over to Mr. Hamant, the owner of the land, and for the balance, the purchasers gave their note, which is due, and they seek to sell the land to pay it off. The deed executed by Hamant to Thomas Bagley, is an exhibit in the case. By it the land is conveyed to Thomas Bagley, his heirs and assigns, for the sole and separate use of Appy Sasser, the wife of the defendant James II. Sasser, and her children, and after her death, to the use of such children of her present marriage, as might survive her. The equity upon which the jffaintiffs rely, is an allegation, that it was a part of the contract of purchase, that if the money to pay for the land could not be raised by the plaintiffs, the amount due should be paid out of the money which Mrs. Sasser expected to receive from her father’s estate, and for which a suit was then pending in the Supreme Court, or that the money might be raised by a sale of the land, and that this provision was omitted by mistake. This statement is denied, and is not supported by the proof; Mr. Hamant is the only witness] who speaks to the matter, and his testimony as to the remarks of James II. Sasser, (waiving all objections to it,) is as to observations made by the latter, after the deed was executed. It was after that remark, that Thomas Bagley, the trustee, and one of the parties to the bond observed,
 
 “
 
 then it ought to be in the deed,” plainly showing that, up to that time, there was no such agreement, and that its omission was not a matter of mistake. But, independently of that circumstance, James H. Sasser was no party to the deed, and took no interest under it; his declarations, therefore, cannot affect the defendants.
 

 Putting aside all objections which might be urged to granting to the plaintiffs the relief they seek, supposing the fact to be as alleged, we have to say, that the plaintiffs have failed to sustain, by their proof, the allegation of mistake. As to
 
 *352
 
 tlie promise of Sasser, if made, it cannot affect this question. 1st. It was a mere verbal ¡promise on bis part, to pay tbe debt of another. 2nd. If good, be was to pay out of a particular fund, which he never received.
 

 Pee Cüeiam. Bill dismissed, with costs.